FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 20 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

RICHARD PITCHER,

                Petitioner,

-against-

UNITED STATES OF AMERICA

                Respondent.

-------------------------------------------------------------------- X

13-CV-2824 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Following his release from custody, pro se petitioner Richard Pitcher has filed a petition for a writ of coram nobis, pursuant to 28 U.S.C. § 1651. Dkt. #1. He argues that the warrant for his arrest was executed in violation of Rule 4 of the Federal Rules of Criminal Procedure, which provides:

> Upon arrest, the officer processing the warrant must show it to the defendant. If the officer does not possess the warrant, the officer must inform the defendant of the warrant's existence and of the offense charged and, at the defendant's request, must show the warrant to the defendant as soon as possible.

Fed. R. Crim. P. 4(c)(3)(A). Petitioner argues that he requested a copy of the arrest warrant when he was taken into custody, but was not provided a copy until this court provided one in response to petitioner's post-trial Rule 60(b) motion. Dkt. #1, at 2. Since the arrest warrant was not properly executed, petitioner argues, he was subjected to a warrantless arrest for which probable cause was lacking. Id.

Petitioner's argument is without merit and wholly beside the point because petitioner was indicted for the crimes of which he was ultimately convicted. See No. 03-CR-1368, Dkt. #1;

1

accord No. 13-CV-2824, Dkt. #1, at 1 ("Petitioner was named in a two-count indictment."). An indictment is "a finding of probable cause that a crime has been committed." United States v. Juwa, 508 F.3d 694, 701 (2d Cir. 2007) (internal quotation marks omitted). Accordingly, even assuming the arrest warrant was somehow defective, the Grand Jury found there was probable cause to believe that petitioner had committed a crime. Furthermore, any motion to suppress based on the alleged unlawful arrest must have been raised before trial and is now waived. See Fed. R. Crim. P. 12(b)(3)(C), (e).

Relief under the writ of coram nobis is "strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Foont v. United States, 93 F.3d 46, 78 (2d Cir. 1996). As petitioner has failed to identify any error, the petition is denied. The court denies a certificate of appealability and certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment accordingly and close the case.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: May 20, 2013
      Brooklyn, New York

**Service List:**

Richard Pitcher
#4 Herbert Street
La Romain
Trinidad, West Indies